REGAN, Judge.
The plaintiff, Mrs. Relia Zimmerman Mistich, filed this suit against the defendants, United Benefit Insurance Co., Mutual of Omaha, United of Omaha, Mutual Benefit Health and Accident Association,[1] May E. Herrick, Adel O. Levy, Bernard G. Levy, her husband, and Dr. Samuel Stern-berg, in an endeavor to recover, as the designated beneficiary, the sum of $6,000.00, representing the face amount of a life insurance policy which the plaintiff asserts was written on the life of her husband, Nicholas Mistich, by the defendant, United Benefit Life Insurance Co.
The defendants answered and admitted that the plaintiff’s late husband did in fact apply for life insurance with the defendant company, and that his application was transmitted to its home office and there processed. The defendant denies, however, that plaintiff’s husband ratified certain changes in the application as submitted. In addition thereto, the defendants asserted that the policy was not delivered prior to the decedent’s death, and that the premium on the policy had not been paid in full.
Following a trial on the merits, the lower court rendered judgment in favor of the defendants dismissing the plaintiff’s suit at her costs.
From that judgment, the plaintiff has prosecuted this appeal.
The record discloses that in contemplation of their impending marriage, the plaintiff arranged for one of the defendants herein, Mrs. Adel Levy, an insurance saleswoman, to confer with her fiancee, Nicholas Mis-tich, in order to obtain insurance protection. Since Mistich’s employment involved working irregular hours, an appointment was made for his convenience on September 4, 1961, Labor Day, in order to facilitate his application for insurance. Two policies were applied for, one life insurance policy and one health and accident policy. Premium quotations were made by Mrs. Levy and the total amount for both policies was $122.00. Of this amount Mistich paid Mrs. Levy $106.10. On the same day, Dr. Stern-berg, also a defendant herein, visited the home of the plaintiff in order to formally examine Mistich. A thorough examination was made and the necessary forms were filled out by the doctor. The answers to several questions, however, were omitted by the doctor at this time.
On September 12, 1961, the defendant company received the medical examination forms and reports. Subsequently, a mistake in the quoted premium was discovered *16 and corrected so that the quarterly premium on the life insurance was changed to $88.20. Thereupon, a life insurance policy was placed in the mail directed to the Herrick Agency, with which Mrs. Levy is associated.
The plaintiff and Mistich were married on September 22, 1961. Mrs.’ Levy telephoned their home and notified them of her possession of the policy. Mrs. Levy offered to deliver the policy to their residence, but Mrs. Mistich requested that she hold it until a later time. Thereafter, Mrs. Levy telephoned again and requested an appointment for the delivery of the policy. On this occasion, she was informed that the plaintiff and her husband would be absent from the city until the next Monday, and she was requested to retain the policy until that time. On Saturday, October 7, 1961, Mistich died before delivery of the policy. The plaintiff’s requests for payment as beneficiary under the policy- were denied. The reasons given to her by the insurance company for its refusal to pay the face amount of the policy comprise the issues which are now posed for our consideration, and they are that:
1. The policy application was incomplete and ratification was never accepted by the applicant so as to validate the contract of insurance between the parties.
2. The full initial premium was not paid as a condition precedent in making a binding contract.
3. The policy was not delivered and accepted by the insured while he was in good health.
Counsel for plaintiff argues that the delivery of the policy by the company to the agent was constructive delivery to the insured, and, therefore, the policy became binding upon the receipt by Mrs. Levy. As authority for the foregoing assertion, counsel cites and relies upon the rationale emanating from the cases of Morrison v! New Hampshire Insurance Company,[2] Coci v. New York Life Ins. Co.,[3] and Chapman v. Mutual Life Ins. Co. of New York.[4]
In any event, we are convinced that the facts and the law applicable thereto ate encompassed by the rationale emanating from Pruitt v. Great Southern Life Ins. Co.[5] wherein one of the questions posed for the court’s consideration was whether delivery had been effected by receipt of the policy. by the agent. In answering this question, the organ for the court rational-, ized that:
“ ‘A delivery of an insurance policy may be actual or constructive. Actual delivery is not essential, unless expressly made so by the terms of the agreement. Whether an insurance policy has or has not been delivered after its issuance so as to complete the contract and give it binding effect does not depend upon its manual delivery to, or possession by, insured, but rather upon the intention of the parties as manifested by their acts or words. The test of a sufficient delivery is whether the company or its agent intentionally parts with control or dominion of the policy and places it in the control or dominion of insured or some person acting for him with the purpose of thereby making a valid and binding contract of insurance. The controlling question is not who has the actual possession of the policy, but who has the ■ right of possession. * * * ’ 32 C.J. 1125, § 228. (Italics ours.) ‘A delivery is not ef-. fected, however, by a transmission of the policy to the agent of the insurer under instructions to turn over the policy to the insured only after the compliance with certain conditions, such as that the applicant shall be in good health at the time, or that the premium shall be paid.’ 29 Am.Jur. 166, Section 152. For other authorities on this subject, see, 14 R.C.L. 898, Section 76; 53 A.L.R. 495, etc. *17 Vol. 1 of Couch’s Cyclopedia of Insurance Law 225, etc., particularly Sections 118 and 125.
“It is the statutory law of this state that every policy of insurance issued by a life insurance company doing business in Louisiana ‘shall contain the entire contract between the parties’. Act No. 52 of 1906, as amended by Act No. 227 of 1916. See, also, Shuff v. Life & Casualty Ins. Co., 164 La. 741, 114 So. 637.” (Emphasis added.)
In this case, the policy was returned to the agent subject to the fulfillment of certain requirements and' conditions. For instance, the answers to the questions on the medical application were not completed by the examining physician but were later filled in by an employee of the company; therefore, the company required that these answers in the application be verified or ratified by Mistich. In addition thereto, Mistich was required to agree to the adjusted premium, make actual payment in cash of the full first quarterly premium, and accept delivery of the policy while he was in good health. We are convinced that only upon the fulfillment of these conditions did the company intend to transfer possession of the policy to the insured.
The law is clear to the effect that the application must be made part of the policy in Louisiana.[6] Moreover, payment in full of the first premium and delivery during the good health of the insured were also valid conditions contained in the policy or the application therefor, none of which were satisfied before the occurrence of Mistich’s death.
Under these factual circumstances, it is quite obvious that no contract was ever consummated between the parties and no obligation was ever incurred by the defendant to the plaintiff as the designated beneficiary named in the policy.
In view of the foregoing conclusion, it is unnecessary that we discuss in detail the other two defenses urged by the defendant insurer.
For the foregoing reasons, the judgment of the lower court is hereby affirmed.
Affirmed.

. Mutual of Omaha, United of Omaha, and Mutual Benefit Health and Accident Association were later dismissed from the suit.

. 181 So.2d 418 (La.App.1965).

. 155 La. 1060, 99 So. 871 (1924).

. 146 La. 658, 83 So. 887 (1920).

. 202 La. 527, 12 So.2d 261 (1942).

. R.S. 22:170A(3).